**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ADEGBOYEGA JOSHUASVILLE,  :
    Plaintiff,   :  CIVIL ACTION
          :
  v.       :
          :  Nos. 02-CV-4668 and
DEPARTMENT OF HUMAN SERVICES, :   02-CV-4871
Offices of Children Youth Services, et al., :
    Defendants.  :

## ORDER

Presently before the Court is Plaintiff's Motion to Reopen/Refile Civil Action Nos. 02-

4668 and 02-4871 and accompanying Declaration in Support of Request to Proceed *in forma*

*pauperis*.  By Order dated July 22, 2002, the Court denied without prejudice Plaintiff's Motion to

Proceed *in forma pauperis* in the above-captioned actions because Plaintiff failed to provide an

inmate trust fund account statement for the entire six-month period preceding the receipt of his

Complaint in this Court as required under 28 U.S.C. § 1915.  As a result, those cases were closed

statistically.  Plaintiff now moves to reopen and refile those cases and attaches his inmate trust

fund account statement for the previous six months as well as a statement attesting that he has

insufficient funds to proceed.

According to the Complaint, Plaintiff asserts a claim under 28 U.S.C. § 1983.  Upon

review of the lengthy statement and various documents submitted by Plaintiff in support of that

claim, it appears that Plaintiff's children are in the custody of Children Youth Services while

Plaintiff and his wife are incarcerated.  The crux of Plaintiff's allegations under § 1983 rest upon

statements allegedly made by the child care workers overseeing his children's care.  Specifically,

Plaintiff alleges that the child care workers defamed him in telling his son that he was not the

child's father.[1]

Even assuming arguendo that the statements made by the child care workers were defamatory, Plaintiff has not alleged an action under § 1983 for a violation of the Constitution or any federal right. Rather, Plaintiff alleges a cause of action under state law. Accordingly, Plaintiff's Motion to Reopen/Refile and an accompanying Declaration in Support of Request to Proceed *in forma pauperis* will be denied because Plaintiff does not state a cause of action within this Court's jurisdiction. Thus, the above-captioned actions will be dismissed, regardless of whether Plaintiff pays the filing fee, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which states: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that– . . . (B) the action or appeal– . . . (ii) fails to state a claim on which relief may be granted."

**AND NOW**, this ___5___ day of September, 2002, upon review of Plaintiff's Motion to Reopen/Refile Civil Action Nos. 02-4668 and 02-4871 and accompanying Declaration in Support of Request to Proceed *in forma pauperis*, **IT IS HEREBY ORDERED** that Plaintiff's motion is **DENIED**.

---

[1]In papers submitted by Plaintiff, Plaintiff represents that the child care workers requested that DNA testing be done to determine the child's paternity. Although Plaintiff did not expressly disagree to such testing, he did request damages should he be determined to be the child's father. Plaintiff was determined to be the child's father.

BY THE COURT:

_____
CLIFFORD SCOTT GREEN, S.J.